UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| JOSEPH JAMES CALHOUN, ) | Case No. 06-40512-293 |
| ) | Chapter 7 |
| ) | Motion No. 9 |
| Debtor. ) | (Publish) |

**O R D E R**

This case is before the Court on Trustee's motion to dismiss Debtor's case under 11 U.S.C. §521(i)(1).  Since Debtor failed to provide payment advices within 45 days of the petition date, the Court will grant Trustee's motion.

Accepting Debtor's factual contentions as true, the Court makes the following findings of fact.[1]  Debtor filed his petition for relief under Chapter 7 of the Bankruptcy Code on February 10, 2006.  The original meeting of creditors mandated by 11 U.S.C. §341(a) was scheduled for March 8, 2006.  Debtor did not appear at the original meeting of creditors and Trustee continued the meeting to April 7, 2006.

Debtor faxed a copy of the payment advices to Trustee on March 29, 2006.

---

[1] The Court accepts Debtor's factual assertions as true on Trustee's motion to dismiss Debtor's case premised on Debtor's alleged failure to timely file the payment advices under §521(i)(1).  In re Fawson, 338 B.R. 505, 507-08 (Bankr. D. Utah 2006).  Also, because Trustee failed to appear at the hearing on his motion to dismiss, Debtor's factual allegations are uncontroverted.

Trustee apparently did not receive that fax and requested on March 30, 2006 that Debtor provide the payment advices to him prior to the April 7, 2005 §341 meeting. Debtor did not respond to this request because he had already faxed a copy of the payment advices to Trustee the day before Trustee's request.    Debtor appeared at the April 7, 2006 §341 meeting with the payment advices. Trustee, however, refused to accept the payment advices because Debtor did not respond to Trustee's March 30, 2006 demand. Trustee then filed the instant motion to dismiss Debtor's case for Debtor's failure to timely provide the payment advices under §521(i)(1).

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") requires debtors, unless otherwise directed by the Court, to file copies of all payment advices received within the 60 days before the petition date.[2] 11 U.S.C. §521(a)(1)(B)(iv). BAPCPA further provides that, subject to the exceptions contained in §§521(i)(3) and (i)(4), if a debtor fails to file the required payment advices within 45 days of the petition date, then "the case shall automatically be dismissed effected on the 46th day." 11 U.S.C. §521(i)(1).

---

[2]    The Court notes that BAPCPA requires the debtor to file the payment advices with the court "unless otherwise directed by the court." 11 U.S.C. §521(a)(1)(B). Pursuant to Paragraph 6(a) of the Court's Amended Implementation Order, debtors within this judicial district are directed to submit payment advices to the Chapter 7 trustee at least 14 days prior to the meeting of creditors. Thus, this Court has directed debtors not to file the payment advices with the Court for purposes of §521(a)(1)(B).

Because Congress stated in BAPCPA that the case must be automatically dismissed effective on the 46th day post-petition, bankruptcy courts have no discretion to enlarge the time in which a debtor may provide the payment advices outside the explicit exceptions contained in §§521(i)(3) and (i)(4). In re Fawson, 338 B.R. 505, 511-12 (Bankr. D. Utah 2006); In re Ott, 343 B.R. 264, 268 (Bankr. D. Colo. 2006). Rather, if the debtor fails to provide the payment advices within 45 days of the petition date, and neither §§521(i)(3) nor (i)(4) applies, the court has no discretion but to dismiss the case effective the 46th day post-petition. Fawson, 338 B.R. at 515; Ott, 343 B.R. at 268.

Here, the 45th day post-petition was March 27, 2006. There is no dispute that Debtor first attempted to provide the payment advices to Trustee on March 29, 2006. Debtor, therefore, failed to remit the payment advices to the trustee on or before March 27, 2006 as required by §521(i)(1). Thus, unless one of the exceptions contained in either §§521(i)(3) or (i)(4) applies, §521(i)(1) compels the Court to dismiss Debtor's case.

Debtor fails to explicitly argue that either §§521(i)(3) or (i)(4) applies here. Rather, Debtor maintains that because he substantially complied with Paragraph 6 of this Court's Amended Implementation Order dated January 19, 2006 (the "Amended Implementation Order"), the Court should not dismiss his case. Although the record

3

indicates that Debtor did comply with the requirements contained in Paragraph 6 of the Amended Implementation Order, because neither §§521(i)(3) nor (i)(4) applies, the Court has no discretion but to dismiss Debtor's case under §521(i)(1).

Relevant to the issue in dispute here, Paragraph 6 of the Amended Implementation Order recites that a trustee's continuance of a meeting of creditors shall be "deemed a request to extend the deadline of §521(i)." Paragraph 6 further states that if the debtor fails to provide the payment advices at the continued meeting of creditors, the trustee may move for dismissal without notice.[3]

The Court finds that this portion of Paragraph 6 of the Amended Implementation Order requires the Court to treat any continuance on the §341 meeting by the trustee as a request under §521(i)(4) to extend the deadline for the debtor to remit payment advices. Section 521(i)(4) states that a court may decline to dismiss a case even if the debtor fails to timely provide the payment advices only if the court finds that: (1) the debtor attempted in good faith to timely file the payment advices; and (2) allowing the trustee to continue to administer the estate would serve the best interest of the creditors. 11 U.S.C. §521(i)(4). BAPCPA additionally requires the trustee to

---

[3] There is no question that Debtor did remit the payment advices to Trustee both before and at the continued §341 meeting. Thus, Debtor was in compliance with the requirements contained in Paragraph 6 of the Amended Implementation Order.

file such a motion within the original 45 day time limit and that the court make the determination that the substantive requirements of §521(i)(4) have been met after notice and hearing. Id.

Although the Amended Implementation Order treats Trustee's continuance of the §341 meeting as a request under §521(i)(4) to extend the date by which Debtor was required to submit the payment advices, the exception contained in §521(i)(4) is still inapplicable here. The only reason reflected in the docket sheet as to why Trustee continued the original meeting of creditors was because Debtor failed to appear at that meeting. Simply put, there is nothing in the evidentiary record or the docket sheet that would allow the Court to find that Debtor attempted in good faith to remit a complete set of payment advices to Trustee on or before the 45th day post-petition, which was March 27, 2006.[4] Thus, the Court cannot find that the substantive provisions of §521(i)(4) have been satisfied. The Court, therefore, has no discretion under §521(i)(1) but to dismiss Debtor's case effective on the 46th day after he filed his

---

[4] Section 521(i)(4) states that the court can excuse a debtor's failure to timely remit the payment advices after the court finds that the substantive requirements of the subsection have been met. The statute, therefore, imposes an affirmative duty on the court to examine whether the conditions set forth in §521(i)(4) are present once the issue is put into dispute. See Dixon v. LaBarge (In re Dixon), 338 B.R. 383, 387 (B.A.P. 8th Cir. 2006) (interpreting similar provision in §109(h)(3)(A)(iii), which requires the exigent circumstance certification be "satisfactory to the court.").

petition for relief, which is March 28, 2006.

Accordingly,

**IT IS HEREBY ORDERED that** Trustee's Motion to Dismiss (Motion No. 9) is **GRANTED**; and

**IT IS HEREBY FURTHER ORDERED that** Debtor's case is dismissed effective **MARCH 28, 2006**.

DATED:  January 17, 2007
St. Louis, Missouri

_____
David P. McDonald
United States Bankruptcy Judge

Copy mailed to:
Joseph James Calhoun
P.O. Box 290
Waynesville, MO 65583

James L. Thomas
PO Box 546
Waynesville, MO 65583

John LaBarge, Jr.
15 Sunnen Dr, Ste 115
St. Louis, MO 63143

Office of U.S. Trustee
111 South Tenth Street
Suite 6353
St. Louis, MO 63102

6